HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
JUSTIN THIELE, SBN 311787
jthiele@hansonbridgett.com
601 W. 5th Street, Suite 300
Los Angeles, California 90071
Telephone:   (213) 395-7620
Facsimile:    (213) 395-7615

STOBBS
MATTHEW J. LADENHEIM (*pro hac vice to be filed*)
Matthew.Ladenheim@iamstobbs.com
NC Bar No 29309
FL Bar No. 1015895
214 W Tremont Ave, Suite 303
Charlotte, NC 28203
Telephone:  (704) 999-0557

***Attorneys for Plaintiff***
Choice Hotels International Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC. a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BHANAA INVESTMENTS INC., a California corporation and JIGNA D. KUMBHANI, an individual,<br><br>Defendants. | Case No. 8:26-cv-379<br><br>**COMPLAINT FOR:**<br><br>1. FEDERAL TRADEMARK INFRINGEMENT;<br>2. FEDERAL UNFAIR COMPETITION IN VIOLATION OF SECTION 43(A) OF THE LANHAM ACT;<br>3. CALIFORNIA STATUTORY UNFAIR COMPETITION §17200 ET SEQ; and<br>4. CALIFORNIA COMMON LAW UNFAIR COMPETITION.<br><br>**JURY TRIAL DEMANDED** |

**COMES NOW** the Plaintiff, Choice Hotels International, Inc., by and through its legal counsel, and in support of its Complaint against Defendants Bhanaa Investments Inc. and Jigna D. Kumbhani, does hereby allege and aver:

### Nature of Action

1.     This is a civil action for Trademark Infringement arising under the Lanham Act. Choice Hotels International, Inc. (hereinafter, "Choice Hotels") is the owner of the RODEWAY INN® trademark and a family of additional RODEWAY-formative trademarks that it uses in conjunction with the provision of hotel services. Defendants Bhanaa Investments Inc. and Jigna D. Kumbhani are former franchisees of Choice Hotels who were, at one time, authorized to operate a RODEWAY INN® franchise in this State and District. The Franchise Agreement, and with it the Defendants' license to use the RODEWAY INN® trademark, was terminated in 2025. Notwithstanding, Defendants are, without the permission or approval of Choice Hotels, continuing to operate a hotel in this State and District using the RODEWAY INN® trademark. Such use is likely to create consumer confusion in violation of the Lanham Act.

### Parties

2.     The Plaintiff, Choice Hotels International, Inc., is a Delaware corporation, licensed to conduct business in the State of California, having a principal place of business at 915 Meeting St, Suite 600, North Bethesda, MD 20852.

3.     Defendant Bhanaa Investments Inc. is a corporation organized under the laws of the State of California having a principal place of business at 13621 Mica Ave, Victorville, CA 92392.

4.     Defendant Jigna D. Kumbhani is a natural person, is the 100% owner of Defendant Bhanna Investments Inc., and routinely conducts business in this State and District by, *inter alia*, engaging in the provision of hotel services at 1301 N El Camino Real, San Clemente, CA 92672.

**Jurisdiction and Venue**

5.     This Court has both diversity and federal question jurisdiction over this case.

6.     This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

7.     This Court has original federal question jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

8.     This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

9.     This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act claims so as to form part of the same case or controversy under Article III of the United States Constitution.

10.     Upon information and belief, each Defendant has sufficient contacts with this State and District such that this Court's exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice.

11.     Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**Factual Background**

12.     Choice Hotels is in the business of franchising hotels.

13.     Choice Hotels can trace its roots to the 1930s when it was comprised of a small chain of roadside hotels.

14.     Since that time, Choice Hotels has grown to become one of the largest and most successful lodging franchisors in the world.

15.     Choice Hotels is now a publicly traded company with over 7,100 franchised hotels in over 40 countries and territories around the world.

22642951.1

16.     Choice Hotels offers high value, mid-priced, hotel and motel services under such well-known brands as ASCEND HOTEL COLLECTION®, CAMBRIA®, COMFORT®, SLEEP®, RODEWAY INN®, CLARION®, RODEWAY INN POINTE®, MAINSTAY SUITES®, WOODSPRING SUITES®, SUBURBAN STUDIOS®, EVERHOME SUITES®, ECONO LODGE®, RODEWAY INN®, RADISSON®, RADISSON BLU®, RADISSON RED®, RADISSON INDIVIDUALS®, COUNTRY INN & SUITES® BY RADISSON, PARK INN® BY RADISSON and PARK PLAZA®.

**The RODEWAY INN® Family of Marks**

17.     Choice Hotels and/or its predecessor in interest has been offering lodging services under a family of RODEWAY-formative trademarks since at least as early as 1962.

18.     Many of the marks in the RODEWAY INN® Family of Marks (defined below) are the subject of federal registrations issued by the United States Patent and Trademark Office.

19.     Choice Hotels is the owner of no fewer than five federal trademark registrations for marks that contain or comprise the term RODEWAY INN for use in connection with lodging and related services (the "RODEWAY INN® Family of Marks"). These registrations include:

| No. | Trademark | Design | Registration | Status |
|---|---|---|---|---|
| 1. | RODEWAY INN | | 1414584 | Incontestable |
| 2. | RODEWAY INN | | 1414585 | Incontestable |
| 3. | RODEWAY INN | | 1669813 | Incontestable |

22642951.1

| No. | Trademark | Design | Registration | Status |
|-----|-----------|--------|--------------|--------|
| 4. | RODEWAY INN & SUITES | RODEWAY INN & SUITES | 2463494 | Incontestable |
| 5. | RODEWAY INN & SUITES | | 3020736 | Incontestable |

Copies of the relevant certificates of registration are attached hereto as Exhibit 1.

20.     Each of the registrations for the RODEWAY INN® Family of Marks remains active, valid, and enforceable and has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

21.     Since the inception of its use, the RODEWAY INN® Family of Marks has been used by Choice Hotels, its predecessors, and franchisees only in connection with the provision of the highest value hotel and motel services.

22.     Choice Hotels has invested, and continues to invest, significant resources in the development, promotion, and protection of the RODEWAY INN® Family of Marks.

23.     As a result of its concerted branding efforts, the RODEWAY INN® Family of Marks has become widely associated, in the minds of the consuming and general public, with the high-quality services offered by Choice Hotels.

24.     The marks in the RODEWAY INN® Family of Marks indicate to both the trade industry and to consumers that the services offered in connection with the RODEWAY INN® Family of Marks originate from, or are sponsored or approved by, Choice Hotels, and constitute genuine and authentic Choice Hotels services.

**Infringement by Defendants**

25.     On or about October 9, 2020, Choice Hotels entered into a Franchise Agreement with Bhanaa Investments Inc. which permitted Bhanaa Investments Inc. to operate a RODEWAY INN® hotel franchise at 1301 N El Camino Real, San Clemente, CA 92672 (hereinafter, the "Subject Property"). A true and correct copy

5
COMPLAINT

1  of the Franchise Agreement is attached hereto as Exhibit 2.

2       26.    On or about October 9, 2020, Choice Hotels also entered into a

3  Guaranty Agreement with Defendant Jigna D Kumbhani whereby Defendant Jigna

4  D Kumbhani personally guaranteed the obligations imposed on Bhanaa Investments

5  Inc. under the Franchise Agreement identified in enumerated Paragraph 25 above.  A

6  true and correct copy of the Guaranty is attached hereto as Exhibit 3.

7       27.    Thereafter, Defendants Bhanaa Investments Inc. and Jigna D Kumbhani

8  (hereinafter, collectively "Bhanna Investments") operated a RODEWAY INN®

9  franchise at the Subject Property.

10       28.    The Franchise Agreement specifically licensed the RODEWAY INN®

11  Family of Marks to Bhanna Investments only while the Franchise Agreement

12  remained in effect.

13       29.    Section 11 of the Franchise Agreement states that,

14  upon termination, Bhanna Investments must immediately discontinue all use of

15  trademarks belonging to Choice Hotels and that Bhanna Investments must refrain

16  from using the Choice Hotels trademarks, including the RODEWAY INN®  Family

17  of Marks, to identify the hotel at the Subject Property.

18       30.    On or about April 16, 2025, Choice Hotels was informed that Bhanaa

19  Investments had begun booking rooms online at the Subject Property under the new

20  name Hotel Avenida and consequently had ceased using the RODEWAY INN®

21  Family of Marks.

22       31.    Accordingly, on or about April 24, 2025, Choice Hotels issued a Notice

23  of Termination, via FedEx delivery service, to Bhanaa Investments.  A true and

24  correct copy of the Notice of Termination is attached hereto as Exhibit 4.

25       32.    The Notice of Termination informed Bhanaa Investments that its

26  Franchise Agreement was terminated as of April 24, 2025.

27       33.    The Notice of Termination also instructed Bhanaa Investments

28  to immediately cease and desist use of any and all marks owned by Choice Hotels,

6

COMPLAINT

including the RODEWAY INN® Family of Marks. The Notice of Termination provided Bhanaa Investments with specific post-termination instructions, including a de-identification checklist that required removal of Choice Hotels' trademarks from Bhanaa Investments' entire business, including but not limited to exterior signage, interior signage, interior common areas, guestrooms, and in connection with any phone systems.

34.    The Notice of Termination made clear to Bhanaa Investments that continued use of the RODEWAY INN® Family of Marks would constitute trademark infringement which would be dealt with accordingly.

35.    The Notice of Termination further required that Bhanaa Investments tender a Certificate of Compliance indicating that it had de-branded and completely ceased use of the RODEWAY INN® Family of Marks at the Subject Property.

36.    The Notice of Termination further advised Bhanaa Investments that, under the terms of the Franchise Agreement, Choice Hotels was entitled to $134,075.95 in past due franchise and related fees and $78,192.64 in lost profit damages for the remainder of its franchise term.

37.    The Notice of Termination demanded that Bhanaa Investments tender full payment of the $212,268.64 balance due and owing.

38.    The Notice of Termination further indicated that Choice Hotels was entitled to liquidated damages for trademark infringement, in the amount of $2,500.00 per day, for each day that Bhanaa Investments continued to use the Choice Hotels trademarks post-termination.

39.    Upon information and belief, Bhanaa Investments did not comply with the requirements set forth in the Notice of Termination.

40.    Bhanaa Investments did not tender full payment of the $212,268.64 balance due and owing.

41.    Bhanna Investments did not tender payment of $2,500.00 per day, for each day that Bhanaa Investments continued to use the Choice Hotels trademarks

post-termination.

42.    Bhanaa Investments did not tender a Certificate of Compliance.

43.    Thereafter, Choice Hotels discovered that Bhanaa Investments continued to use the RODEWAY INN® Family of Marks in relation to its hotel at the Subject Property, including on premises and in connection with advertising and promotional efforts.

44.    Accordingly, on or about July 1, 2025, Choice Hotels issued a Notice of Service Mark Infringement to Bhanaa Investments. A true and correct copy of the Notice of Service Mark Infringement is attached hereto as Exhibit 5.

45.    The Notice of Service Mark Infringement again informed Bhanaa Investments that its continued use of the RODEWAY INN® Family of Marks was unauthorized.

46.    The Notice of Service Mark Infringement demanded that Bhanaa Investments provide written and photographic evidence, no later than July 14, 2025, that it had completely discontinued use of the RODEWAY INN® Family of Marks at the Subject Property.  The Notice further advised Bhanaa Investments that the July 14, 2025 deadline did not constitute permission to use the mark nor did it constitute a reprieve from incurring damages.

47.    Bhanaa Investments did not comply with Choice Hotel's demands before the July 14, 2025 deadline.

48.    Thereafter, Choice Hotels discovered that Bhanna Investments' use of the RODEWAY INN® Family of Marks continued.

49.    On or about July 30, 2025, a Choice Hotels field representative conducted a site inspection of the Subject Property and discovered that certain of the marks in the RODEWAY INN® Family of Marks were still in use. A true and accurate photograph of the property as it appeared on July 30, 2025 appears below:

22642951.1



50.    Thereafter, on or about December 11, 2025, outside counsel for Choice Hotels sent a cease-and-desist letter to Bhanna Investments. A true and correct copy of the cease-and-desist letter is attached hereto as Exhibit 6.

51.    The cease-and-desist letter specifically informed Bhanna Investments that its continued use of the RODEWAY INN® Family of Marks was likely to create consumer confusion in the marketplace and constituted trademark infringement.

52.    The cease-and-desist letter demanded that Bhanaa Investments provide written and photographic evidence, no later than December 19, 2025, that it had completely discontinued use of the RODEWAY INN® Family of Marks at the Subject Property.

53.    The cease-and-desist letter further advised Bhanaa Investments that the December 19, 2025 deadline did not constitute permission to use the RODEWAY INN® Family of Marks nor did it constitute a reprieve from incurring damages.

54.    Bhanaa Investments did not comply with Choice Hotel's demands

22642951.1

by the December 19, 2025 deadline.

55.    Thereafter, Choice Hotels discovered that Bhanaa Investments continued to use the RODEWAY INN® Family of Marks without authorization.

56.    Specifically, on or about December 26, 2025, a Choice Hotels Area Director conducted a site inspection of the Subject Property and discovered that certain of the marks in the RODEWAY INN® Family of Marks were still in use on four different exterior signs. True and correct photographs taken at the Subject Property on December 26, 2025 appear below:



22642951.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





COMPLAINT

22642951.1



57.     In addition to the unauthorized use of the RODEWAY INN® Family of Marks on physical signage at the Subject Property, Bhanaa Investments continues to make unauthorized use of the RODEWAY INN® Family of Marks online.

58.     As of Thursday, February 19, 2026, the Subject Property was advertised on third-party booking sites such as Google, OYO, and Booking.com with photographs using the RODEWAY INN®  Marks on signage.  Illustrative screenshots taken from these third-party booking sites on Thursday, February 19, 2026 appear below:

22642951.1

**GOOGLE.COM:**



**OYO.COM:**



13

COMPLAINT

22642951.1

1

**BOOKING.COM:**

2



14    59.    Moreover, on or about January 16, 2026, a representative from Choice

15  Hotels called the Subject Property and encountered the following recording:

16  "Welcome and thank you for calling the Rodeway Inn San Clemente."

17    60.    Upon information and belief, Bhanaa Investments has used and is

18  using the RODEWAY INN® Family of Marks at the Subject Property in connection

19  with the provision of hotel services without authorization or permission from Choice

20  Hotels.

21    61.    The continued unauthorized use of the RODEWAY INN® Family of

22  Marks by Bhanaa Investments at the Subject Property has irreparably damaged, and

23  will continue to irreparably damage, the valuable goodwill associated with the

24  RODEWAY INN® Family of Marks.

25

**CLAIM I**
**Infringement of Federally Registered Trademark**
**(15 U.S.C. §1114)**

26

27

28    62.    Paragraphs 1- 61 are incorporated by reference herein as though set

forth in their entirety.

63.     Choice Hotels is the owner of the RODEWAY INN® Family of Marks, which it uses in connection with the provision of hotel and motel services.

64.     Upon information and belief, after expiration of the Franchise Agreement, and despite receiving multiple notices regarding expiration of a license to use any Choice Hotels trademarks, Bhanaa Investments continued to use, and continues to use, the RODEWAY INN® Family of Marks.

65.     Upon information and belief, Bhanaa Investments had actual knowledge of the RODEWAY INN® Family of Marks and, without the consent of Choice Hotels, knowingly and deliberately used certain of the RODEWAY INN® Family of Marks in commerce in a manner likely to cause confusion, mistake, or deception in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(1).

66.     The acts of Bhanaa Investments as described herein constitute infringement of one or more of the RODEWAY INN® Family of Marks, which are federally registered.

67.     As a direct and proximate cause of the infringing acts of Bhanaa Investments, Choice Hotels has been damaged in an amount to be determined at trial.

68.     Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Bhanaa Investments and the cost of the action under 15 U.S.C. §1117.

69.     The acts of Bhanaa Investments as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

70.     The acts of Bhanaa Investments as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the goodwill associated with the RODEWAY INN® Family of Marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

22642951.1

**CLAIM II**

**Federal Unfair Competition – False Designation of Origin**
**(15 U.S.C. §1125(a))**

71.    Paragraphs 1- 70 are incorporated by reference herein as though set forth in their entirety.

72.    Upon information and belief, Bhanaa Investments had actual knowledge of the RODEWAY INN® Family of Marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used, and continues to use, in commerce marks which are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

73.    Upon information and belief, Bhanaa Investments used one or more of the marks in the RODEWAY INN® Family of Marks in commerce in connection with the provision of hotel and motel services.

74.    Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and Bhanaa Investments, or as to the origin, sponsorship, or approval of the services or commercial activities of Bhanaa Investments by Choice Hotels.

75.    As a direct and proximate cause of the acts of Bhanaa Investments as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

76.    Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Bhanaa Investments and the cost of the action under 15 U.S.C. §1117.

77.    The acts of Bhanaa Investments as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

22642951.1

78.    The acts of Bhanaa Investments as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the goodwill associated with the RODEWAY INN® Family of Marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

**CLAIM III**
**Violation of California's Unfair Competition Law**
**California Bus & Prof Code § 17200**

79.    Paragraphs 1-78 are incorporated by reference herein as though set forth in their entirety.

80.    Choice Hotels is the owner of the RODEWAY INN® Family of Marks, which it uses in connection with the provision of hotel and motel services.

81.    On April 24, 2025, Choice Hotels terminated Bhanaa Investments' right to use the RODEWAY INN® Family of Marks.

82.    Upon information and belief, Bhanaa Investments, continued to use the RODEWAY INN® Family of Marks in connection with the provision of motel/hotel services at the Subject Property with full knowledge that any right to do so had been terminated.

83.    Choice Hotels gave Bhanaa Investments formal written notice, on multiple occasions, that its continued, unauthorized and willful use of certain of the RODEWAY INN® Family of Marks was unlawful and would result in trademark infringement claims.

84.    Bhanaa Investments' continued, unauthorized, and willful use of the RODEWAY INN® Family of Marks is an unlawful, unfair, or fraudulent business act or practice and an unfair, deceptive, untrue, or misleading advertisement likely to deceive consumers by causing them to believe that Choice Hotels is the source of, or that Choice Hotels sponsors or approves of, Bhanaa's goods and services.

85.    Defendants' aforesaid conduct constitutes unfair competition in violation of the California Business and Professions Code § 17200, et seq.

22642951.1

86. The acts of Bhanaa Investments as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the goodwill associated with the RODEWAY INN® Family of Marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

**COUNT IV**
**Unfair Competition**
**California Common Law**

87. Paragraphs 1- 86 are incorporated by reference herein as though set forth in their entirety.

88. The activities of Bhanaa Investments as described herein are unfair acts that have occurred in commerce and have damaged the legitimate business of Choice Hotels; therefore those activities constitute unfair competition pursuant to the common law of California.

89. Bhanaa Investments has used marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace; therefore those activities constitute unfair competition under the common law of California.

90. The conduct of Bhanaa Investments as described herein has injured Choice Hotels in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Choice Hotels for which there is no adequate remedy at law. Choice Hotels will continue to be so damaged in the absence of relief from this Court.

91. In conducting such acts, Bhanaa Investments is guilty of oppression, fraud, or malice, as defined in Cal. Civ. Code. § 3294.

**PRAYER FOR RELIEF**

**WHEREFORE**, Choice Hotels prays that judgment be entered against Defendants Bhanaa Investments, LLC and Jigna D. Kumbhani as follows:

A. Judgment that each of the Defendants, Bhanaa Investments, LLC and

22642951.1

Jigna D. Kumbhani, together with their respective agents, servants, employees and attorneys and all those in active concert or participation with them, be preliminarily and permanently and forever enjoined from using any of the RODEWAY INN® Family of Marks, or any mark confusingly similar thereto;

B.      Judgment that each of the Defendants, Bhanaa Investments, LLC and Jigna D. Kumbhani, jointly and severally, be found liable for Federal Trademark Infringement and Federal Unfair Competition resulting from their unauthorized use of one or more of the RODEWAY INN® Family of Marks.

C.      That Choice Hotels be awarded judgment for damages against each of the Defendants, Bhanaa Investments, LLC and Jigna D. Kumbhani, jointly and severally, resulting from violation of Sections 32(a) of the Lanham Act (15 U.S.C. §1114) and 43(a) of the Lanham Act (15 U.S.C. §1125(a)) for Federal Trademark Infringement and Federal Unfair Competition, respectively, in an amount to be fixed by the Court which in its discretion it finds just, including:

1.      all profits received by each Defendant, Bhanaa Investments, LLC and Jigna D. Kumbhani, from sales and revenues of any kind as a result of the actions complained of herein; and

2.      all damages sustained by Choice Hotels as a result of each of the Defendant's acts of infringement and unfair competition, and that such damages be trebled; and

3.      that, in light of the deliberate and willful actions of each Defendant in this action, that this case be designated an exceptional case pursuant to 15 U.S.C. § 1117, thereby entitling Choice Hotels to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Choice Hotels as a result of this action, and that Choice Hotels be awarded such relief;

D.      That Choice Hotels be awarded judgment for damages, in an amount to be determined at trial, against each of the Defendants, Bhanaa Investments, LLC

1   and Jigna D. Kumbhani, resulting from their common law unfair competition;

2       E.      That Choice Hotels be awarded the costs and attorney fees it incurs in

3   this action;

4       F.      That Choice Hotels be awarded punitive damages; and

5       G.      That this Court award any and all relief not here enumerated that this

6   Court should deem just and equitable.

7   DATED: February 19, 2026              HANSON BRIDGETT LLP

8

9

10                                    By:    _/s/ Raffi V. Zerounian_
                                          RAFFI V. ZEROUNIAN
11                                        JUSTIN THIELE

12                                        STOBBS
13                                        MATTHEW J. LADENHEIM (*pro hac
                                          vice to be filed*)
14
                                          Attorneys for Plaintiff
15                                        *Choice Hotels International,
16                                        Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

22642951.1

1

## DEMAND FOR JURY TRIAL

2   Pursuant to Fed. R. Civ. P. 38 and Local Rule 38-1, Plaintiff Choice Hotels

3 International, Inc. demands a trial by jury on all issues so triable.

4

5 DATED:  February 19, 2026   HANSON BRIDGETT LLP

6

7
        By: */s/ Raffi V. Zerounian*

8         RAFFI V. ZEROUNIAN

9         JUSTIN THIELE

10         STOBBS

11         MATTHEW J. LADENHEIM (*pro hac vice to be filed*)

12

13         Attorneys for Plaintiff
         *Choice Hotels International,*

14         *Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22642951.1